UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES KARR,

        Petitioner,               Civil No. 10-CV-14957
                                          Honorable Thomas L. Ludington

v.

BLAINE LAFLER,

        Defendants.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO FILE EXCESS PAGES, GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner, James Karr, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, a Michigan state prisoner, challenges his convictions for felony murder, armed robbery, and possession of a firearm during the commission of a felony. Respondent's Motion for Summary Judgment contending that the petition was not timely filed is now before the Court. The petition was not timely filed, Petitioner is not entitled to equitable tolling, and therefore, the motion will be granted.

**I.**

Following a jury trial in Recorder's Court for the City of Detroit, Petitioner was convicted as set forth above. He filed an appeal of right in the Michigan Court of Appeals. The Michigan Court of Appeals affirmed his convictions. *People v. Karr*, No. 102985 (Mich. Ct. App. Apr. 25, 1989). The Michigan Supreme Court denied Petitioner's delayed application for leave to appeal. *People v. Karr,* No. 86322 (Mich. Jan. 29, 1990).

On November 4, 1992, Petitioner filed a motion for relief from judgment in the trial court.

The trial court denied the motion. *People v. Karr*, No. 86-7538 (Detroit Recorder's Court Nov. 19, 1993). Petitioner did not file a timely application for leave to appeal the Michigan Court of Appeals decision denying Petitioner's leave to appeal.

On March 22, 2007, Petitioner filed a petition for DNA testing and a motion for new trial in the Wayne County Circuit Court. The trial court denied both motions. *People v. Karr*, No. 86-007538 (Wayne County Cir. Ct. Jan. 8, 2008). Petitioner then sought leave to appeal the trial court's decision in the Michigan Court of Appeals and Michigan Supreme Court. Both state appellate courts denied leave to appeal. *People v. Karr*, No. 289634 (Mich. Ct. App. May 8, 2009); *People v. Karr*, 485 Mich. 898 (Mich. Sept. 28, 2009). The Michigan Supreme Court denied Petitioner's motion for reconsideration. *People v. Karr*, 485 Mich. 1013 (Mich. Dec. 21, 2009).

Petitioner filed the pending petition for writ of habeas corpus on December 7, 2010.

## II.

Respondent argues that the petition should be dismissed because it was not timely filed. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A) & (D). The one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired. *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). A properly filed application for state post-conviction relief, while tolling the statute of limitations, does not restart

the limitations period.  *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Petitioner's conviction became final before the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, absent state collateral review, Petitioner was required to file his application for habeas corpus relief by April 24, 1997. Petitioner argues that the limitations period did not begin to run on the AEDPA's effective date because the factual predicate for his claims is the state court's failure to grant his request for DNA testing pursuant to Mich. Comp. Laws § 770.16.  Under § 770.16, which became effective January 1, 2001, a Michigan prisoner convicted of a felony before January 8, 2001, may petition the circuit court to order DNA testing of biological material identified during the investigation leading to his or her conviction and for a new trial based upon the results of that testing provided the petition is filed no later than January 1, 2012. Petitioner sought DNA testing of a hair found in the victim's hand. He maintains that the limitations period did not commence until the conclusion of his appeals from the denial of his petition for DNA testing.

The petition for DNA testing was filed in the trial court on March 22, 2007, over five years after the DNA-testing statute's effective date. Neither the filing of the petition for DNA testing nor the Michigan Supreme Court's denial of the petitioner's appeal constitute a "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner waited over five years to petition the state court for DNA testing.  The factual predicate for his claim existed in 2001. *Accord Scarlett v. Secretary, Dep't of Corr.*, 404 F. App'x 394, 400-401 (11th Cir. 2010) (rejecting petitioner's claim that the factual predicate for his claim was not discovered until 2006 when favorable DNA testing results were received because petitioner knew as early as 2002 that DNA existed that could be

subjected to testing); *Young v. Woods*, No. 1:09-cv-367, 2009 WL 1874170, *2-3 (W.D. Mich. June 29, 2009), *vacated on other grounds*, 2010 WL 148824 (W.D. Mich. Jan. 13, 2010) (holding that effective date of Mich. Comp. Laws § 770.16 does not restart § 2244(d)'s limitations period).

Petitioner also could have filed his habeas corpus petition in the years preceding the effective date of Michigan Compiled Laws § 770.16. The hair at issue was discussed at trial and defense counsel objected to the prosecutor's argument about its possible source. Thus, Petitioner knew at the time of trial and on direct and collateral review that the source of the hair was disputed. Therefore, the factual predicate for his claims regarding the handling of hair evidence was known well before the AEDPA's one-year limitations period commenced. Moreover, the filing of a petition for DNA testing in state court did not toll the limitations period, because the limitations period had expired over five years before the filing of that petition. *See Bronson v. Britten*, No. 8:10CV442, 2011 WL 2268949, *2 (D. Neb June 06, 2011) (holding that one-year limitations period not tolled by motion for DNA testing when motion was filed after limitations period already expired); *Ralston v. Director, TDCJ-CID*, No. 6:11cv88, 2011 WL 2436528, *4 (E.D. Tex. May 12, 2011) (same). Accordingly, the one-year limitations period commenced on April 24, 1996, and continued to run, uninterrupted, until it expired one year later.

Petitioner also argues that the one-year limitations period should not bar his habeas petition because he is actually innocent. A credible claim of actual innocence may equitably toll the one-year statute of limitations. *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). To determine whether a petitioner has satisfied the requirements for establishing a cognizable claim of actual innocence to warrant equitable tolling, the court applies "the same actual innocence standard developed in *Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851 (1995), for reviewing a federal habeas

applicant's procedurally defaulted claim." *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007), *citing Souter*, 395 F.3d at 596. A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. "The *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (citation omitted). A court presented with new evidence must consider it in light of "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *Id.*, 547 U.S. at 538 (citation omitted). "Based on this total record, the court must make 'a probabilistic determination about what reasonable, properly instructed jurors would do.' " *Id.* (quoting *Schlup*, 513 U.S. at 329). This standard does not require absolute certainty about the petitioner's guilt or innocence:

> A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt – or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.

*House*, 547 U.S. at 538.

Petitioner has not presented new evidence of actual innocence. Instead, he argues that testing of the hair found at the crime scene *could* yield evidence tending to exonerate him. As discussed, the existence of the hair was known to Petitioner at the time of trial. Although potential DNA test results might be new evidence, the underlying basis for the evidence is not new. Moreover, other than speculation as to what DNA testing might reveal, Petitioner provides no evidence to support his actual innocence claim. The Court of Appeals for the Ninth Circuit recently observed in denying a petitioner's request for permission to file a successive habeas petition on the

ground that DNA testing would reveal exculpatory evidence: "Any convicted person, no matter how compelling the evidence against him or her, could argue that DNA testing is necessary to rule out the unsubstantiated possibility that someone else committed the crime." *Bible v. Schriro*, 651 F.3d 1060, 1065-66 (9th Cir. 2011); *accord Campbell v. Warden of Lieber Corr. Inst.,* No. 0:10-671-JFA-PJG, 2010 WL 4668324, *5 (D. S.C. August 23, 2010) (holding that speculative claims that DNA evidence will reveal actual innocence too speculative to arrest a credible claim of actual innocence). The Court finds that Petitioner has not presented a credible claim of actual innocence and the petition is untimely.

### III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009, requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate

to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition is untimely. Therefore, the Court denies a certificate of appealability.

### IV. Conclusion

Petitioner failed to file his habeas petition within the applicable one-year limitations period and equitable tolling of the limitations period is not warranted.

Accordingly, it is **ORDERED** that Respondent's Motion for Summary Judgment (ECF No. 9) is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED**.

It is further **ORDERED** that Petitioner's motion for leave to file excess pages (ECF No. 11) is **GRANTED**. Petitioner's response is accepted as filed

It is further **ORDERED** that a certificate of appealability is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: November 8, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon James Karr, #189197, at Handlon Correctional Facility, Central Complex, 1728 Bluewater Highway, Ionia, MI 48846 by first class U.S. mail on November 8, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS